17MAG8801

Approved: _____
           MATTHEW PODOLSKY
           Assistant United States Attorney

Before:    THE HONORABLE DEBRA FREEMAN
           Chief United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA            :    **SEALED COMPLAINT**
                                    :
         - v. -                     :    Violation of
                                    :    21 U.S.C. § 846
BRIAN SMITH,                        :
    a/k/a "Gucci,"                  :    COUNTY OF OFFENSE:
                                    :    NEW YORK
                       Defendant.   :

- - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

       JASON DELTORO, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

#### COUNT ONE

       1.   From in or about February 2017, up through and including in or about May 2017, in the Southern District of New York and elsewhere, BRIAN SMITH, a/k/a "Gucci," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

       2.   It was a part and an object of the conspiracy that BRIAN SMITH, a/k/a "Gucci," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

       3.   The controlled substances that BRIAN SMITH, a/k/a "Gucci," the defendant, conspired to distribute and possess with intent to distribute were (1) a quantity of mixtures and substances containing a detectable amount of heroin, and (2) a quantity of mixtures and substances containing a detectable

amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4. I am a Detective with the NYPD and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses, and others, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my conversations with other law enforcement officers and review of reports, I have learned the following information, in substance and in part:

   a. On or about the evening of February 2, 2017, John Ragusa was found dead in an apartment in New York, New York (the "Apartment").

   b. A cellular phone was found in the apartment (the "Cellphone"). Ragusa's wife, who also lived in the Apartment, identified the Cellphone as belonging to Ragusa.

   c. Ragusa's body was examined by a medical examiner from the New York City Office of the Chief Medical Examiner. The certificate of death for Ragusa, signed by the medical examiner, certifies that the immediate cause of Ragusa's death was acute intoxication due to the combined effects of cocaine, fentanyl, methadone, alprazolam, and clonazepam.

6. Based on my review of the contents of the Cellphone, I have learned, in substance and in part, that on or about February 2, 2017, beginning at approximately 7:09 a.m., the Cellphone exchanged the following text messages, among others, with a certain phone number ending in 8075 (the "8075 Phone"):

   8075 Phone:   I'm out here if u need another g

| | |
|---|---|
| Ragusa: | Ill b there in about an hour n yes |
| 8075 Phone: | Ok |
| 8075 Phone: | Let me no wen u here so I can come meet u at train |
| Ragusa: | K |
| 8075 Phone: | Just give me 70 |
| 8075 Phone: | An we good |
| 8075 Phone: | Cuz u owe me 15 from yesterday |
| Ragusa: | Prices can't keep going up Jimmy 65 is what's the price I can't always change it my Man I depends on steadyness |
| 8075 Phone: | Look gimme 60 |
| 8075 Phone: | It's ok |
| Ragusa: | K |
| 8075 Phone: | I will keep it at 50 for u ok |
| 8075 Phone: | Ok 65 |
| 8075 Phone: | Is good |
| 8075 Phone: | C u wen u here |
| Ragusa: | K |
| Ragusa: | 50 Is workable |
| Ragusa: | should just got to work for u in 7th building bringing in everything n u just collecting once a.day or or however I wanna see what the dogs food does n I ur sitting on a goal mine. Jim we can take over this shit pull some king of New York shot I may not on me |

3

|              |                                                         |
|--------------|---------------------------------------------------------|
|              | that well but I know what n hoe to do it[1]             |
| 8075 Phone:  | Ok just call me wen u here                              |
| Ragusa:      | I am on my way there now                                |

. . .

|              |                                                         |
|--------------|---------------------------------------------------------|
| 8075 Phone:  | U want the g an the 4 dogs I got                        |
| 8075 Phone:  | Call me wen to start coming                             |
| 8075 Phone:  | Bring me a cig                                          |
| Ragusa:      | 1k cominnnow                                            |
| 8075 Phone:  | I'm here wya                                            |
| Ragusa:      | If u wanna meet me in McDonald's I'm getting cash there |

. . .

|              |                                                         |
|--------------|---------------------------------------------------------|
| 8075 Phone:  | Pick up bro[2]                                          |
| 8075 Phone:  | I need the 4 dogs back sumbody wants it                 |
| Ragusa:      | "That might be a prob I have 2 up but in have the lite for it" |

      7.    Based on my conversation with other law enforcement officers, my own surveillance, and my review of reports, text messages, and audio recordings, I have learned the following information, in substance and in part:

      a.    On or about April 4, 2017, an undercover police officer (the "UC") contacted the user of the 8075 Phone

---

[1] Based on my training and experience, I know that the term "dog food" is commonly used by sellers and consumers of narcotics to refer to heroin.

[2] Based on my review of the contents of the Cellphone, I know that within approximately 1 minute prior to receiving this text message, Ragusa's phone received two calls from the 8075 Phone.

4

and, via text messages and phone calls, the UC indicated that he wished to buy narcotics from the user of the 8075 Phone.

    b. Later the same day, on or about April 4, 2017, the UC conducted a controlled purchase of a quantity of suspected heroin from an individual that the UC understood to be the user of the 8075 Phone, whom the UC was able to identify through a photo array as BRIAN SMITH, a/k/a "Gucci," the defendant. The suspected heroin was later determined by the New York City Police Department Police Laboratory to be approximately .702 grams of fentanyl.

    c. On or about May 24, 2017, the UC again arranged the purchase of heroin from SMITH via text messages and phone calls. Upon meeting SMITH in the vicinity of a particular intersection in New York, New York, the UC was instructed by SMITH, in substance and in part, to cross the street and speak to SMITH's worker. SMITH's worker then sold to the UC approximately ten glassines of suspected heroin. One of the glassines subsequently tested positive for heroin.

    WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of BRIAN SMITH, a/k/a "Gucci," the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

_____
DETECTIVE JASON DELTORO
NEW YORK CITY POLICE DEPARTMENT


Sworn to before me this
28th day of November, 2017

_____
THE HONORABLE DEBRA FREEMAN
CHIEF UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

5